■ T. S. Casamassima, Appellant, v G. Russell Oechsle, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Smyk, J.), entered March 24, 1986 in Tompkins County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied plaintiff's cross motion for a change of venue.

On or about March 1, 1985, defendant, as a then executive assistant to the Administrative Judge of the Sixth Judicial District, allegedly gave plaintiff, following the termination of his provisional appointment of three years as a court reporter assigned to a Tompkins County Judge, permission to take a typewriter home for the purpose of completing transcripts. On June 11, 1985, defendant stated in the presence of several court personnel that plaintiff "had no permission to take any typewriter from this court house". When advised that the filing of a felony complaint against him was contemplated by

defendant, plaintiff returned the typewriter and demanded an apology from defendant. In response plaintiff received a letter from defendant repeating the allegation previously made orally in which publication of the letter to six other persons was evidenced.

Plaintiff commenced this action for defamation in Tompkins County, based on plaintiff's residence. Defendant moved to dismiss the first cause of action alleged in the complaint for legal insufficiency and the second cause of action for plaintiff's failure to particularize the alleged libelous material. Plaintiff filed a cross motion seeking a change of venue of the action to Cayuga County in the Seventh Judicial District. Special Term granted defendant's motion and denied plaintiff's cross motion. We agree with the determination of Special Term.

Plaintiff's first cause of action attempts to plead slander based on defendant's statement that plaintiff "had no permission to take any typewriter from this court house". Inasmuch as the allegations do not allege slander per se *(see, Matherson v Marchello,* 100 AD2d 233, 236), since they fail to attack plaintiff's professional ability and fall far short of accusing plaintiff of a crime *(see, Caffee v Arnold,* 104 AD2d 352), the complaint is insufficient for its failure to allege special damages *(see, Aronson v Wiersma,* 65 NY2d 592, 594; *Privitera v Town of Phelps,* 79 AD2d 1, 13).

As to the second cause of action, the general rule is that a writing will be considered libelous if it " 'tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society' " *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, *cert denied* 434 US 969, quoting *Sidney v MacFadden Newspaper Pub. Corp.,* 242 NY 208, 211-212). At most, defendant's letter accuses plaintiff, a professional man, of impropriety or other unprofessional conduct on a single occasion only and does not accuse him of general ignorance or lack of skill. As such, the words are not actionable in the absence of special damages *(see, Shaw v Consolidated Rail Corp.,* 74 AD2d 985). The second cause of action, therefore, was properly dismissed by Special Term.

This determination renders a ruling on plaintiff's cross motion academic.

Judgment affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.