■ ANDREW CLEMENTE, Appellant, v ALICE IMPASTATO, Respondent. [711 NYS2d 71] —Lahtinen, J. Appeal from a judgment and order of the Supreme Court (Connor, J.), entered September 1, 1998 in Rensselaer County, which, *inter alia*, granted defendant's motion for a directed verdict at the close of plaintiff's case.

Plaintiff is a professional engineer licensed in New York. In 1993 plaintiff was employed by Capital Cities Leasing Corporation performing engineering services for several companies owned by the Clemente family including Troy Sand & Gravel Company, Inc., which operated a mine in the Town of Stephentown, Rensselaer County. Defendant is a resident of Stephentown who lives near the Troy Sand & Gravel mine and is a member of the Stephentown Concerned Citizens, a group of

owners of land in the vicinity of the mine (*see*, *Matter of Stephentown Concerned Citizens v Herrick*, 246 AD2d 166, 168).

In the summer of 1993 defendant contacted the Department of Environmental Conservation (hereinafter DEC) regarding problems with her well water. In accordance with their policy a DEC official contacted plaintiff, the mine owner's "contact person", regarding defendant's situation. Plaintiff telephoned defendant intending to get permission to test her well water. After reaching defendant on his fourth attempt, she refused to permit the requested water test. On November 3, 1993 defendant wrote a letter to the DEC Regional Director regarding the DEC inspection of the mine near her home which occurred earlier that fall. The letter claimed that the inspection was inadequate and listed other homeowners with well problems. The letter also complained that a DEC employee who performed the mine inspection improperly gave her name out to plaintiff and went on to state the following: "You mention I have an 'aversion to Mr. Clemente', that is an understatement. He has harassed me, trespassed on private property and has 'allegedly' injured one of your own employees." A copy of the letter was sent to DEC's Commissioner and seven other persons.

In August 1994 plaintiff commenced this defamation action against defendant seeking money damages for injury to his professional reputation stemming from her written and published accusations of his harassment, trespass and allegedly causing injury to a DEC employee. Defendant served an answer asserting numerous affirmative defenses and three counterclaims including a claim pursuant to Civil Rights Law §§ 70-a and 76-a that she was the victim of plaintiff's strategic lawsuit against public participation (SLAPP suit) and a claim that plaintiff's lawsuit sought to punish her for exercising her right to freedom of speech.*

Plaintiff's claims were tried over a period of seven days before Supreme Court and a jury. At the conclusion of plaintiff's case, defendant moved pursuant to CPLR 4401 for judgment as a matter of law. After hearing lengthy argument from counsel, the court granted defendant's motion based on plaintiff's "failing to prove the necessary elements of defamatory statements per se and failure to prove any malice in that statement made". The next day the trial continued on defendant's counterclaims. Over strong objection plaintiff's counsel was called as a witness by defendant. During the early stages of this testimony by plaintiff's counsel, a remark from defendant's counsel made in

---

* Defendant's third counterclaim sounding in defamation was withdrawn prior to trial.

the presence of the jury prompted plaintiff's counsel to move for, and the court to declare, a mistrial stating "I'm going to order a mistrial. * * * [I]f you can't resolve it, then I think we will need to retry the whole thing." Thereafter the court signed a judgment and order dismissing plaintiff's complaint, granting plaintiff's motion for a mistrial on defendant's counterclaims and placing the case on the trial calendar. Plaintiff now appeals.

Plaintiff argues that Supreme Court erred in granting defendant a directed verdict on his three causes of action, erred in granting a mistrial only as to defendant's counterclaims and made it impossible for plaintiff to receive a fair trial. We disagree and affirm the court's judgment and order.

It is well settled that a court may grant a motion for a directed verdict where, based on the evidence presented, there is no rational process by which a jury could find for the non-moving party (*see, Szczerbiak v Pilat*, 90 NY2d 553, 556; *Van Syckle v Powers*, 106 AD2d 711, 713, *lv denied* 64 NY2d 609). In defamation cases the question of whether the allegedly defamatory words are susceptible of a defamatory meaning is, in the first instance, a legal determination for the court (*see, Weiner v Doubleday & Co.*, 74 NY2d 586, 592, *cert denied* 495 US 930; *Miness v Alter*, 262 AD2d 374, 375). In making this determination, the allegedly defamatory words must be attributed their ordinary meaning and taken in context (*see, Sweeney v Prisoners' Legal Servs.*, 146 AD2d 1, *appeal dismissed* 74 NY2d 842) and cannot be made actionable "by a strained or artificial construction" (*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076, quoting *Aronson v Wiersma*, 65 NY2d 592, 593-594).

Initially, we note none of plaintiff's causes of action claim special damages, simply alleging injury to his professional reputation which comprises a claim for libel per se (*see, Wadsworth v Beaudet*, 267 AD2d 727, 728-729; *see also, Liberman v Gelstein*, 80 NY2d 429, 435). While publication of an untrue statement may be defamatory per se if it imputes incompetence, incapacity or unfitness in the performance of one's profession (*see, Van Lengen v Parr*, 136 AD2d 964), it must amount to an attack on plaintiff's professional ability (*see, Casamassima v Oechsle*, 125 AD2d 855, 856) and be "more than a general reflection upon [plaintiff's] character or qualities" (*Golub v Enquirer/Star Group, supra*, at 1076) and "must suggest improper performance of [one's] duties or unprofessional conduct" (*Chiavarelli v Williams*, 256 AD2d 111, 113; *see, Golub v Enquirer/Star Group, supra*, at 1076). A review of

the allegedly defamatory letter which was addressed to the DEC Regional Director reveals it to be a criticism of DEC and its procedures, not an attack directed solely at plaintiff, and "'did not address the [ability of plaintiff] to practice his profession'" (*Butler v Ratner*, 210 AD2d 691, 694, *appeal dismissed* 85 NY2d 924, quoting *Weinstock v Goldstein*, 190 AD2d 847, 848, *lv denied* 81 NY2d 711).

Plaintiff also claims that the letter injured his professional reputation by charging him with the "serious crimes" of harassment, trespass and allegedly injuring a DEC employee. Plaintiff's proof revealed that defendant's claim of harassment arose from plaintiff's four telephone calls to her home in an attempt to resolve her DEC inquiry and that his "trespass" consisted of the entry of another individual, who defendant claimed was sent by plaintiff, onto her property seeking a water sample after defendant had refused to allow plaintiff to test her water. Assuming defendant's characterizations of plaintiff's acts were entirely baseless, these accusations constitute the imputation of unlawful behavior amounting to no more than minor offenses which are not actionable without proof of damages (*see, Liberman v Gelstein, supra*, at 435). Defendant's erroneous statement in her letter that it was plaintiff who "allegedly injured a DEC employee" falls short of being "reasonably susceptible to a connotation of criminality" (*Caffee v Arnold*, 104 AD2d 352, 353; *see, James v Gannett Co.*, 40 NY2d 415) and cannot sustain a cause of action for libel per se (*see, Casamassima v Oechsle, supra*, at 856). Plaintiff has failed to establish that any of the three causes of action alleged in his complaint fall within the "libel per se" category and said complaint was properly dismissed. Accordingly, we need not reach the issues of qualified privilege and malice discussed below.

Plaintiff next claims that Supreme Court erroneously directed a new trial solely on defendant's counterclaim. He argues that the written order contradicts the court's declaration of a mistrial in the record wherein the court stated that "we will need to retry the whole thing" and that an inconsistent verdict could result if his libel claims are not presented to the jury deciding the counterclaims. It is clear from the record that plaintiff's complaint had been dismissed the previous day and only defendant's counterclaims were at issue when a mistrial was declared, as clearly set out in Supreme Court's written judgment and order. Plaintiff's concern regarding an inconsistent verdict is misplaced as Supreme Court's ruling that plaintiff failed to establish a prima facie case for libel per se does not preclude him from presenting proof of his motivation

for those claims as a defense to the counterclaims, as asserted in his reply to the counterclaims.

Finally, we find that plaintiff's claim of bias on the part of Supreme Court is not supported by our review of the entire record.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment and order is affirmed, with costs.