■ DWAINE R. SHARRATT et al., Appellants, v ROBERT F. HICKEY et al., Respondents. [799 NYS2d 299]—

Kane, J. Appeal from a judgment of the Supreme Court (Monserrate, J.H.O.), entered March 9, 2004 in Otsego County, upon a dismissal of the complaint at the close of plaintiffs' case.

Plaintiffs own and operate the Cooperstown Beaver Valley Campground (hereinafter BVC) in the Town of Hartwick, Otsego County. In 1999, the Town Planning Board began reviewing several proposals for new land uses, including the expansion of the Cooperstown Fun Park operated by defendant Robert F. Hickey. A group called Concerned Citizens of Hartwick was organized to raise public awareness regarding land development in the town and promote public comment regarding compliance of these projects with the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]). Plaintiff Julianne Sharratt was one of the founders of the group and a frequent public spokesperson. In March 2000, attorneys for Concerned Citizens submitted a letter to the Planning Board expressing

concerns over the proposed Cooperstown Fun Park expansion project. Subsequently, Hickey drafted and submitted to the Town Board a document entitled "Cooperstown Beaver Valley Campground Report" which requested that the Town Board take a hard look at past commercial development at BVC. The report, which was signed by all the individual defendants, complained that there were several construction violations, permit violations and SEQRA violations at BVC.

Based on statements in the report, plaintiffs commenced this defamation action. At the conclusion of plaintiffs' case during a jury trial, Supreme Court granted defendants' motions for a directed verdict under CPLR 4401 and dismissed the complaint.* Plaintiffs appeal.

Because plaintiffs failed to prove damages, we affirm. A directed verdict is appropriate only where no rational jury could find for the nonmoving party based on the evidence presented, even affording that party the benefit of every favorable infer-ence to be drawn from the evidence (*see Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 947 [2005]; *Calafiore v Kiley*, 303 AD2d 816, 816-817 [2003]; *Clemente v Impastato*, 274 AD2d 771, 773 [2000]). Plaintiffs in a defamation action must prove special damages, meaning economic or financial loss, unless they fit within an exception in which damages are presumed, i.e., defamation per se (*see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]; *Hassig v FitzRandolph*, 8 AD3d 930, 932 [2004]).

The exceptions raised here are for statements "charging plaintiff[s] with a serious crime" or for dishonesty in business matters (*Liberman v Gelstein, supra* at 435). Allegations of violating town ordinances or the environmental laws at issue here do not constitute defamation per se because they do not allege serious crimes, but instead "constitute the imputation of unlawful behavior amounting to no more than minor offenses which are not actionable without proof of damages" (*Clemente v Impastato, supra* at 774; *see Sprewell v NYP Holdings*, 1 Misc 3d 847, 852 [2003]). Nor do violations of environmental regulations or the failure to obtain permits impute dishonesty in business dealings or incapacity or incompetence to perform in their trade, even if the alleged violations occurred on plaintiffs' business property (*compare Elibol v Berkshire-Hathaway, Inc.*, 298 AD2d 944, 945 [2002]). Plaintiffs submitted no proof of damage to BVC, even implying that they suffered no damage to their

---

* Supreme Court dismissed the complaint against all defendants who appeared, apparently leaving only defendant Eric H. Bryant. The record does not disclose the status of the action against him.

business income. Although there was testimony that after the report was published plaintiff Dwaine R. Sharratt suffered depression which required medication, no medical proof linked the depression to the report and its repercussions. Causation must be proven, especially in light of Dwaine Sharratt's past medical history. General testimony regarding humiliation and loss of reputation in the community is insufficient to prove special damages. We need not address any other issues raised because based on plaintiffs' failure to prove damages, defendants were entitled to a directed verdict dismissing the complaint.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.