■ MARK KOWALCZYK, Appellant, v BONNIE L. McCULLOUGH et al., Respondents. [868 NYS2d 773]—

Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered December 14, 2007 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

In 1998, plaintiff, a funeral director whose two Oneida County funeral homes were members of defendant New York State Funeral Directors Association, Inc. (hereinafter the Association), began an extramarital affair with the Association's executive director, defendant Bonnie L. McCullough (hereinafter defendant). This relationship came to an end in early January 2004 after which defendant began dating and eventually married the Association's deputy executive director, defendant Randy Mc-Cullough (hereinafter individually referred to as defendant's husband and, collectively with defendant, as defendants). In

July 2004, plaintiff learned of defendants' courtship and impending marriage. According to defendant, plaintiff, upset by this relationship, began to harass her and threatened her with the loss of her job. This harassment allegedly continued after defendants' October 2004 wedding and throughout early 2005.

By letter dated April 1, 2005, defendant made a formal complaint to the Association's executive committee about plaintiff's behavior over the preceding nine-month period. The executive committee held a special meeting on April 6, 2005 to discuss the matter. At this meeting, the executive committee decided to ask for plaintiff's resignation from certain ancillary positions with the Association (but not his position on its board of directors) and to hire outside counsel to conduct an independent investigation into the allegations. Thereafter, plaintiff agreed to so resign and an investigation was conducted.

By letter dated June 9, 2005, the executive committee informed plaintiff that "[its] recent investigation has revealed a number of reported and confirmed occasions when [he] failed, in action and spirit, to follow [its] governing principles." Plaintiff was officially admonished for his violations, specifically his "inappropriate comments about and communications with [defendant] and staff members." He was also advised, among other things, that future departures from Association rules and policies would not be tolerated. Nearly one year later, as a result of allegations that plaintiff had failed to adhere to the admonishments outlined in this letter, the executive committee voted unanimously to seek his removal from the Association's board of directors. Following a May 1, 2006 special meeting of the board of directors, plaintiff was removed for cause.

In the meantime (i.e., in March 2006), plaintiff commenced this action against defendants and the Association sounding in defamation, defamation per se and intentional infliction of emotional distress. In a second amended complaint, plaintiff specifically alleges that three statements made in defendant's April 1, 2005 letter to the executive committee are defamatory, namely, defendant's statement that "[f]or a very long time [she has] been harassed, abused and terrorized by [plaintiff]," that plaintiff "harassed and threatened [her] endlessly throughout [recent functions] constantly threatening [her] job and [her] quality of life" and that plaintiff "for some time [has] had a very unhealthy and obsessive fixation on [her]." It is further alleged in this complaint that certain statements made to a local police agency in the course of hiring private security for defendants for a brief period of time immediately following her formal complaint to the executive committee are also defamato-

ry.[1] At issue is a decision of Supreme Court granting separate motions for summary judgment by defendants and the Association dismissing the complaint in its entirety. Plaintiff appeals.

As pursued on appeal, plaintiff argues that Supreme Court erred in dismissing his causes of action sounding in defamation and defamation per se.[2] We are unpersuaded. With respect to his claim for defamation, plaintiff has failed to demonstrate that he sustained special damages, i.e., "the loss of something having economic or pecuniary value" (*Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]; *accord Yammine v DeVita*, 43 AD3d 520, 521 [2007]; *Sharratt v Hickey*, 20 AD3d 734, 735 [2005]; *Hassig v FitzRandolph*, 8 AD3d 930, 931 [2004]). The expense of having his attorney represent him during the May 2006 special meeting to vote on his removal for cause does not suffice as special damages (*see Tourge v City of Albany*, 285 AD2d 785, 786 [2001]).

Having failed to sufficiently demonstrate any special damages, liability cannot be imposed unless the underlying statements fall within an exception in which damages are presumed (*see Liberman v Gelstein*, 80 NY2d at 435; *Sharratt v Hickey*, 20 AD3d at 735). Two exceptions are alleged here, namely, the exception for statements that (1) charge another with a serious crime and (2) have the ability to injure another in his or her trade, business or profession (*see Liberman v Gelstein*, 80 NY2d at 435). Contrary to plaintiff's contention, none of the statements alleged in the second amended complaint against any defendant or Association employee falls within either of these exceptions. In particular, we are unpersuaded that any statement in the April 2005 letter charged plaintiff with the serious crime of criminal harassment in the first degree since defendant never stated or even alleged in that letter that plaintiff repeatedly followed her around a public place (*compare DeFilippo v Xerox Corp.*, 223 AD2d 846, 849 [1996], *lv dismissed* 87 NY2d 1056 [1996]) or that his conduct over the preceding nine-month period placed her in fear of physical injury (*see* Penal Law § 240.25). Defendant herself acknowledged in this letter that plaintiff's conduct did not rise to the level of criminal harass-

---

**1.** Specifically, plaintiff alleges that defendant's husband told police that plaintiff "was volatile and a drinker who is mean when drinking" and that another Association employee told police that plaintiff harassed defendant, that defendants "required protection for their safety" and that defendant "believed [plaintiff] would do physical harm to her and/or her husband."

**2.** Plaintiff does not address the dismissal of his intentional infliction of emotional distress cause of action in his brief to this Court. Accordingly, any argument concerning this dismissed cause of action is abandoned (*see e.g. Minasian v Lubow*, 49 AD3d 1033, 1034 n 2 [2008]).

ment but, rather, only came "very close to criminal harassment." In addition, no statement by any defendant tended to injure plaintiff in his profession (*see Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076 [1997]); that is, no statement amounted to an attack on his professional ability or performance as a funeral director or remotely impugned any talent or ability necessary to perform this profession (*see id.*; *Aronson v Wiersma*, 65 NY2d 592, 594 [1985]; *Clemente v Impastato*, 274 AD2d 771, 773-774 [2000]; *Butler v Ratner*, 210 AD2d 691, 694 [1994], *lv dismissed* 85 NY2d 924 [1995]). Indeed, the record reflects that during the relevant time period, plaintiff's business continued to prosper financially. As a consequence, the order dismissing the complaint must be affirmed.

Cardona, P.J., Mercure, Peters and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs. [*See* 2007 NY Slip Op 33864(U).]