14-740-cv
Kavanagh v. Zwilling

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges,

          LEWIS A. KAPLAN,
                    District Judge.[*]

- - - - - - - - - - - - - - - - - - - -X
CHARLES M. KAVANAGH,
          Plaintiff-Appellant,

          -v.-                                          14-740-cv

JOSEPH ZWILLING, JOHN WOODS,
ARCHDIOCESE OF NEW YORK, CATHOLIC NEW
YORK,
          Defendant-Appellees.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**          DAVID R. PARKER, Charfoos &
                           Christensen, P.C., Detroit,
                           Michigan.


**FOR APPELLEES:**          JOHN M. CALLAGY (Nicholas J.
                           Panarella, on the brief), Kelley
                           Drye & Warren LLP, New York, New
                           York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Charles Kavanagh appeals from the judgment of the United States District Court for the Southern District of New York (Furman, J.), dismissing his complaint for failure to state a cause of action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). We do not accept as true conclusions unsupported by the facts alleged, legal conclusions, bald assertions, or unwarranted inferences. Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555-56 (2007). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." Id. at 570.

1. Kavanagh argues that the district court erred in dismissing his claim of defamation by implication because the press release of the Archdiocese, while true, suggests he was convicted of multiple criminal violations in a secular court with full due process of law. "To survive a motion to dismiss a claim for defamation by implication [under New York law] . . . the plaintiff must make a rigorous showing that the language of the communication as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference." Stepanov v. Dow Jones & Co., 987 N.Y.S.2d 37, 44 (1st Dep't 2014).

2

Kavanagh's complaint does not satisfy the Stepanov test for at least three reasons. First, the press release stated that Kavanagh was disciplined by a "church court." J.A. at 33. No further information regarding the nature of the tribunal would be needed--especially in a publication directed to the local Catholic community. See Biro v. Conde Nast, 883 F. Supp. 2d 441, 466 (S.D.N.Y. 2012). Second, Kavanagh's challenge to the use of the word "counts" in the press release, which he characterizes as prosecutorial, abstracts the word from its context: the statement plainly states that the conviction arose in a religious court. See James v. Gannett Co., 40 N.Y.2d 415, 419 (1976) (In reviewing an allegedly defamatory statement, a court should "not pick out and isolate particular phrases but will consider the publication as a whole."). Third, Kavanagh's complaint fails to allege that the defendants "intended or endorsed" the native inference allegedly made in the press release. Stepanov, 987 N.Y.S.2d at 44.

2. As to Kavanagh's libel per quod claim, the failure to plead special damages is a "fatal defect." Idema v. Wagner, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000); see also Ava v. NYP Holdings, Inc., 885 N.Y.S.2d 247, 251 n.3 (1st Dep't 2009); Sharratt v. Hickey, 799 N.Y.S.2d 299, 301 (3d Dep't 2005). (Kavanagh never sought to amend his complaint in the district court.)

For the foregoing reasons, and finding no merit in Kavanagh's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK