**John H. HAPGOOD, Plaintiff–Appellant,**

v.

**CITY OF WARREN, Defendant–Appellee.**

No. 96–3917.

United States Court of Appeals,
Sixth Circuit.

Argued July 30, 1997.

Decided Sept. 25, 1997.

Mark S. Colucci (argued and briefed), Youngstown, OH, for Plaintiff-Appellant.

James E. Sanders (argued and briefed), City of Warren Department of Law, Warren, OH, for Defendant-Appellee.

Before: NORRIS, BATCHELDER, and DAUGHTREY, Circuit Judges.

## OPINION

BATCHELDER, Circuit Judge.

Plaintiff John Hapgood appeals from the order of the district court granting summary judgement in favor of defendant City of Warren on plaintiff's Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213, claim. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

Defendant hired plaintiff as a firefighter on March 30, 1992. In January 1993, plaintiff began experiencing lower back pain. He therefore made an appointment with Dr. Patrick Ensmiger, a chiropractor. Plaintiff told Dr. Ensmiger that the pain began insidiously and that it flared up when he ran, jogged, or sat in an "easy chair." Dr. Ensmiger examined plaintiff and determined that plaintiff suffered from lumbar facet syndrome and lumbar radiculitis.

Plaintiff sought a second opinion from Dr. Robert J. Brocker, M.D., who, after conducting multiple examinations, diagnosed plaintiff with a hereditary degenerative spondylotic disc disease. Dr. Brocker recommended that plaintiff undergo surgery to alleviate the pain and plaintiff agreed.

Subsequently, plaintiff submitted a claim for medical coverage with his insurance company, Community Mutual. In return, Community Mutual sent plaintiff a questionnaire inquiring whether plaintiff's claim was work related. Plaintiff responded that his back problem did not result from a work-related accident, injury, or illness, and that he had not filed a workers' compensation claim.

Plaintiff returned to work on June 4, 1993, and was assigned to light-duty until August 31. Plaintiff never filed an injury report with the fire department. On September 15, plaintiff's back pain returned. Dr. Brocker therefore prepared a written recommendation that plaintiff be placed on light-duty for a second time. Plaintiff, however, did not submit this recommendation to the fire department until September 27.

On September 30, Chief Kent Fusselman, one of plaintiff's supervisors, questioned plaintiff about his light-duty status. Fusselman wanted to know why plaintiff waited until September 27 to submit a light-duty form when he received Dr. Brocker's recommendation on September 15. Fusselman also expressed concern regarding plaintiff's recuperative potential and his ability to return to full-duty status without restrictions. The fire department subsequently verbally reprimanded plaintiff for withholding his light-duty recommendation.

On October 15, plaintiff submitted a claim for workers' compensation benefits, asserting that his back injury was work-related. Because plaintiff had indicated otherwise in his letter to Community Mutual, the claim was "red flagged." The fire department held a hearing on the charge that plaintiff falsified records when he submitted his workers' compensation claim, which resulted in plaintiff's discharge on December 7.

On December 16, plaintiff filed a complaint against defendant in Ohio state court, alleging that defendant discharged him in retaliation for filing a workers' compensation claim. Additionally, plaintiff alleged that defendant's conduct was "tortious, unlawful and contrary to public policy."

Plaintiff also filed a grievance under his union's collective bargaining agreement, arguing that he was discharged without "just cause." The matter proceeded to binding arbitration on May 12, 1994. After conducting a hearing, the arbitrator overruled plaintiff's grievance and found that plaintiff had falsified his workers' compensation application. Plaintiff was therefore fired for cause.

On February 28, 1994, plaintiff filed a complaint with the Ohio Civil Rights Commission ("OCRC"). Plaintiff claimed that defendant discharged him because of his alleged disability—back pain. More specifically, plaintiff alleged that defendant threatened to revoke his light-duty status and terminate him if he did not withdraw his workers' compensation claim. On December 15, the commission dismissed plaintiff's complaint and stated that the evidence established that defendant discharged plaintiff for "falsification of records and gross neglect of duty in the filing of a Worker's Compensation claim." Plaintiff sought reconsideration, but the OCRC refused his request. The OCRC therefore for-

warded plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC"), which, on June 29, 1995, ruled that there was insufficient evidence to establish an ADA violation.

While all of these administrative proceedings were taking place, defendant moved for summary judgment in the action pending before the Ohio state court.[1] The court granted this motion on October 13, 1995. Plaintiff appealed and the Ohio Court of Appeals affirmed the trial court's order on October 25, 1996.

On September 28, 1995, plaintiff filed the present action in federal district court. Plaintiff alleged that defendant violated the ADA by failing to provide a reasonable accommodation for his alleged disability. Defendant moved for summary judgment, arguing that plaintiff's suit was barred by the doctrine of res judicata. The district court agreed and granted defendant's motion. Plaintiff timely appealed.

## II. DISCUSSION

■ We review *de novo* a district court's grant of summary judgment. *Moore v. Holbrook,* 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

■ The sole issue presented by this appeal is whether plaintiff's ADA claim is barred by the claim preclusion prong of res judicata.[2] We hold that it is.

■ "Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hospital Underwriting Group, Inc. v. Summit Health Ltd.,* 63 F.3d 486, 494 (6th Cir.1995) (citations omitted); *see also* 28 U.S.C. § 1738. Therefore, when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Consequently, we look to Ohio law to determine the preclusive effect of the prior state court judgment against plaintiff. *See City of Canton, Ohio v. Maynard,* 766 F.2d 236, 237–38 (6th Cir.1985).

■ In *Grava v. Parkman Township,* 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995), the Ohio Supreme Court held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." The court explained:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Id.* (alteration in original) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)). Therefore, claim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Felder v. Community Mut. Ins. Co.,* No. 96–3320, 1997 WL 160373, at \*\*3–4 (6th Cir. April 4, 1997) (unpublished).

■ All of the elements of claim preclusion are present in the instant case. First, when the Ohio court granted defendant sum-

---

1. The record does not indicate the date on which defendant filed this motion. However, at oral argument counsel for defendant stated that the motion was filed on June 23, 1995. Plaintiff did not contest this assertion.

2. The doctrine of res judicata includes two separate concepts: claim preclusion and issue preclusion. *Balboa Ins. Co. v. S.S.D. Distribution Sys., Inc.,* 109 Ohio App.3d 523, 672 N.E.2d 718, 720, *appeal denied,* 76 Ohio St.3d 1477, 669 N.E.2d 859 (1996).

mary judgment in plaintiff's initial lawsuit, that court rendered a valid, final judgment on the merits of plaintiff's claims.[3] *See, e.g., A–1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.,* 97 Ohio App.3d 623, 647 N.E.2d 222, 224 (1994) (stating that the grant of summary judgment terminates a party's action on the merits). Second, this lawsuit involves exactly the same parties as plaintiff's prior action in Ohio state court. Third, plaintiff could have brought this claim in his previous lawsuit against defendant. State courts have concurrent jurisdiction over ADA claims. *Lillback v. Metropolitan Life Ins. Co.,* 94 Ohio App.3d 100, 640 N.E.2d 250, 258 (1994) (stating that Ohio courts have concurrent jurisdiction over ADA claims) (citation omitted); *see also Krouse v. American Sterilizer Co.,* 872 F.Supp. 203, 205 (W.D.Pa.1994); *Jones v. Illinois Cent. R.R. Co.,* 859 F.Supp. 1144, 1145 (N.D.Ill.1994). Therefore, once plaintiff received his right to sue letter from the EEOC, he could and should have attempted to amend his complaint in state court to include this ADA claim. The Ohio courts have allowed such amendment even after dispositive motions have been filed, especially when the failure to amend would have potential preclusionary effect. *See Brannan v. Fowler,* 100 Ohio App.3d 577, 654 N.E.2d 434, 437 (1995) (stating that trial court abused its discretion in failing to allow plaintiff to amend his complaint after defendant filed motion for summary judgment because failure to amend could lead to future defense of res judicata).

This leaves the last element of claim preclusion—whether plaintiff's ADA claim arose out of the same transaction or occurrence that was the subject matter of plaintiff's prior lawsuit against defendant in Ohio state court. The Ohio Supreme Court has defined "transaction" as a "common nucleus of operative facts." *Grava v. Parkman Township,* 653 N.E.2d at 229 (citation omitted). The court explained:

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

*Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. c (1982)). It is irrelevant that the plaintiff, in the second action, is prepared to present evidence or theories of the case not offered in the first action, or that the plaintiff seeks remedies not previously demanded. *Id.* (citation omitted).

Plaintiff's ADA claim arises out of the same common nucleus of operative facts at issue in his first lawsuit. This action, like the first, centers around plaintiff's back problems and his subsequent conflicts with Chief Fusselman. No other facts are at issue. Through his ADA claim, plaintiff is merely seeking to relitigate the propriety of his discharge. Indeed, plaintiff's complaint in this action explicitly states that defendant, instead of providing a reasonable accommodation for plaintiff's alleged disability, discharged plaintiff when he filed a workers' compensation claim.

Claim preclusion "requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *National Amusements, Inc. v. City of Springdale,* 53 Ohio St.3d 60, 558 N.E.2d 1178, 1180 (1990) (citations omitted). The district court did not err in granting defendant summary judgment on plaintiff's ADA claim.

## III. CONCLUSION

We **AFFIRM** the order of the district court granting summary judgment to defendant.

---

3. It is worth noting that when the district court granted defendant summary judgment, plaintiff's case in Ohio state court was on appeal. The pendency of an appeal, however, does not prohibit application of claim preclusion. The prior state court judgment remains "final" for preclusion purposes, unless or until overturned by the appellate court. *See, e.g., Cully v. Lutheran Med. Ctr.,* 37 Ohio App.3d 64, 523 N.E.2d 531, 532 (1987) (collecting cases).