Reva MITCHELL, Plaintiff–Appellant,

v.

TRUMBULL MEMORIAL HOSPITAL,
Defendant–Appellee.

No. 01–3267.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before RYAN, BOGGS, and
DAUGHTREY, Circuit Judges.

## ORDER

Reva Mitchell, an Ohio resident proceeding through counsel, appeals a magistrate judge's judgment dismissing her employment discrimination action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On October 5, 1998, Mitchell filed a complaint against Trumbull Memorial Hospital ("TMH") in the Trumbull County, Ohio, Court of Common Pleas. Mitchell alleged that she was employed by TMH as a licensed practical nurse from July 1989, until her termination in August 1997. TMH operates pursuant to a policy that requires removal of any employee whose leave of absence extends for more than one year. On August 7, 1993, Mitchell began the first of a series of leaves of absence, each of which extended just under one year. When Mitchell's final leave of absence, which began on August 22, 1996, extended for more than one year, her employment was terminated pursuant to TMH's policy. Mitchell contended, however, that her employment was terminated because of her medical condition. Mitchell alleged that she suffers from "an arthritic and unstable left knee condition."

TMH removed Mitchell's suit to federal court under the authority of 28 U.S.C. § 1441(b). The parties consented to have a magistrate judge exercise jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 636(c). TMH filed a motion for summary judgment, to which Mitchell responded. The magistrate judge granted TMH's motion and dismissed the case as barred by the doctrine of claim preclusion. Mitchell has filed a timely appeal. The parties have waived oral argument.

We review de novo the dismissal of a suit on claim preclusion grounds. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir.1998). We also review the grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001).

Claim preclusion, or res judicata, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Federal courts must give the same preclusive effect to a previous state court judgment that such judgment would receive in the courts of the rendering state. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997). Under Ohio law, claim preclusion applies when there is "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood*, 127 F.3d at 493. The grant of summary judgment operates as a decision on the merits for claim preclusion purposes. *Id.* at 493–94 (citing *A–1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App.3d 623, 647 N.E.2d 222, 224 (Ohio Ct.App.1994)). Even though a subsequent lawsuit based upon the same injury advances a different legal theory, a prior judgment on the merits bars the subsequent suit. *Id.* at 494; *Harrington v. Vandalia–Butler Bd. of Educ.*, 649 F.2d 434, 437 (6th Cir.1981).

On November 6, 1997, Mitchell filed a complaint against TMH in the Trumbull

County Court of Common Pleas, alleging employment discrimination. Mitchell's action arose from the termination of her TMH employment, and alleged that her employment was terminated in retaliation for filing a workers' compensation claim. On April 5, 2000, the Trumbull County Court of Common Pleas granted summary judgment in favor of TMH and dismissed Mitchell's suit.

Upon review, we conclude that the magistrate judge properly dismissed the instant action on claim preclusion grounds. *See Rivers*, 143 F.3d at 1031. The first state court complaint, filed in 1997, and the instant action, filed in state court on October 5, 1998, involve the same parties in that Mitchell is the plaintiff and TMH is the defendant. In addition, both actions are based upon the same facts, namely the termination of Mitchell's employment with TMH in August 1997. Furthermore, the dismissal of Mitchell's first lawsuit on summary judgment grounds constitutes an adjudication on the merits for purposes of claim preclusion. *See Hapgood*, 127 F.3d at 493–94; *A–1 Nursing Care of Cleveland, Inc.*, 647 N.E.2d at 224. Thus, the magistrate judge properly dismissed the instant action on claim preclusion grounds because Mitchell's ADA claim could and should have been raised in the 1997 state court lawsuit. *See Federated Dep't Stores, Inc.*, 452 U.S. at 398; *Hapgood*, 127 F.3d at 493–94.

Accordingly, the magistrate judge's judgment is affirmed.