NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0380n.06
Filed: June 7, 2007

No. 06-4200

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARK APSELOFF, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FAMILY DOLLAR STORES, INC., | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

**Before: SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.**

**ROGERS, Circuit Judge.** Mark Apseloff appeals the magistrate judge's order granting Family Dollar's motion to dismiss on the basis of res judicata. Apseloff, a former Family Dollar employee, filed this suit for wrongful termination under Ohio law after previously litigating in Ohio small claims court two separate lawsuits for vacation and stock option benefits allegedly owed to him as part of his employment agreement. The magistrate judge granted Family Dollar's motion to dismiss after concluding that the subject matter of the earlier and present suits is part of the same transaction or occurrence. We now affirm.

Mark Apseloff was hired by Family Dollar to serve as a district manager in July 2001. Family Dollar fired Apseloff in February 2002. This lawsuit is the third that Apseloff has brought against Family Dollar since his termination.

First, on August 26, 2002, Apseloff filed a Small Claim Complaint against Family Dollar in Hamilton County Municipal Court. According to the complaint, Apseloff sought $2,480 for "nonpayment of stock options that w[ere] part of [the] hiring agreement." On February 14, 2003, judgment was entered for Family Dollar. The record does not reveal the basis for the court's decision.

Second, on March 12, 2003, Apseloff filed another Small Claim Complaint against Family Dollar in Hamilton County Municipal Court. This time, Apseloff sought $2,059.08 for "vacation due as part of [the] hiring offer." On May 21, 2003, the court granted Family Dollar's motion to dismiss on the grounds of res judicata.

Third, on February 10, 2006, Apseloff filed the current lawsuit against Family Dollar in the Hamilton County Court of Common Pleas. Apseloff alleged that in January and February of 2002, he complained to Family Dollar corporate management that a purported Family Dollar policy opposing "the placement of male employees in the position of cashier, based on the rationale that male employees are more prone to steal money than female employees" constituted unlawful employment discrimination. Apseloff alleges that Family Dollar fired him in February 2002 in retaliation for voicing these concerns, in violation of Ohio Revised Code section 4112.01 *et seq* and Ohio public policy.[1] Apseloff sued for past and future earnings he would have received had he not

---

[1]On April 11, 2002, before Apseloff's first small claims lawsuit, Apseloff filed a charge of discrimination with the EEOC. The charge claimed unlawful retaliation in violation of Title VII for the same reason Apseloff argues Family Dollar violated Ohio law in this case.

been terminated, compensation for pain and suffering, punitive damages, attorney's fees and costs,

and "any other relief to which he is legally and equitably entitled."

On March 10, 2006, Family Dollar removed the action to the United States District Court for

the Southern District of Ohio in accordance with 28 U.S.C. § 1446(a), claiming diversity jurisdiction.

On that same date, Family Dollar filed a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) based on res judicata.

The magistrate judge, who was assigned to the case with the consent of the parties, granted

Family Dollar's motion to dismiss on the basis of res judicata. The magistrate judge stated that res

judicata

> requires four elements of proof: (1) that the instant action involves the same two
> parties; (2) that the instant action arose out of the same transaction or occurrence that
> was the subject of earlier actions; (3) that the instant action could have been asserted
> in at least one of those previous actions; and (4) that there was a final decision on the
> prior action by a court of competent jurisdiction.

JA 26 (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir. 1999) (per curiam); *In re Fordu*, 201

F.3d 693, 703-04 (6th Cir. 1999)).

The magistrate judge held that Apseloff conceded the first two elements of the test because

in his memorandum in opposition to Family Dollar's motion to dismiss, Apseloff characterized the

small claims court actions as "1) an action claiming money for stock options **upon his separation**

**from Family Dollar**; and 2) an action claiming vacation pay due to him **upon his separation from**

**Family Dollar**." JA 26 (quoting motion, emphasis in magistrate judge's opinion). According to the

magistrate judge, "both the first and second actions clearly arose out of [Apseloff's] termination from Family Dollar (*i.e.*, 'his separation from Family Dollar')" and Apseloff's current lawsuit "arises directly from the 'same transaction'—*i.e.*, [Apseloff's] separation from Family Dollar."

The magistrate judge also held that the third and fourth elements of the test were met.[2] The judge held that the third element was met because Apseloff could have brought the wrongful termination action in the previous actions, even though he could not have brought the action in the Municipal Court (a court of limited jurisdiction), because he could have brought all the actions together in the Hamilton County Court of Common Pleas. The magistrate judge also held that the fourth element was met because the Municipal Court "was certainly competent to adjudicate [Apseloff's] claims for vacation pay and stock options upon his separation from Family Dollar."

Apseloff timely filed a notice of appeal.

This court reviews a district court's grant of a 12(b)(6) motion de novo. *Gao v. Jenifer*, 185 F.3d 548, 552 (6th Cir. 1999). "In considering the motion, all factual allegations in the complaint are accepted as true." *Id.* "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *accord Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

---

[2]Apseloff does not challenge these conclusions on appeal.

"[W]hen asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). This rule applies equally where the present suit is a diversity action. *See McAdoo v. Dallas Corp.*, 932 F.2d 522, 524 (6th Cir. 1991). Therefore, this court applies Ohio res judicata law.

The magistrate judge did not err by holding that the doctrine of res judicata (otherwise known as "claim preclusion") prevented Apseloff from recovering in this wrongful termination suit. Under Ohio law, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, Syllabus ¶ 1 (Ohio 1995). The only issue in dispute here is whether Apseloff's current action is "based upon any claim arising out of the transaction or occurrence that was the subject matter" of the previous Municipal Court actions.[3] Although Ohio law controls, the Ohio Supreme Court "expressly adhere[s] to the modern application of the doctrine of *res judicata*, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections

---

[3]Ordinarily, only the first Municipal Court judgment would be entitled to claim preclusive effect because the second Municipal Court judgment was based on res judicata, and thus was not a judgment "rendered on the merits." However, neither party argues this distinction, and it does not make a difference to the resolution of this case.

24-25." *Id.*[4] Thus, the Restatement and cases from other jurisdictions applying the Restatement are

instructive as to how the Ohio Supreme Court would answer the question in this case.

Family Dollar's termination of Apseloff formed the transaction or occurrence out of which

Apseloff's former and current lawsuits arose. Apseloff's prior suits in Municipal Court were for

"nonpayment of stock options that w[ere] part of [the] hiring agreement" and "vacation due as part

of [the] hiring offer." The present suit is for wrongful termination and concerns Family Dollar's

motivations for firing Apseloff. As Apseloff conceded below, vacation and stock option benefits

were due to him "upon his separation from Family Dollar." Apseloff's present and former suits all

involve the same transaction—namely, Apseloff's termination—and res judicata prevents Apseloff

from litigating piecemeal different causes of action arising out of this transaction. *Cf. Clark v. Haas*

*Group*, 953 F.2d 1235, 1239 (10th Cir. 1992) (applying the Restatement and holding that decision

on earlier suit under the Fair Labor Standards Act seeking unpaid overtime compensation precluded

---

[4]The Restatement provides:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24.

later suit under the Equal Pay Act and the Age Discrimination in Employment Act seeking, among other things, damages for age discrimination).

The fact that Apseloff's present suit involves a different cause of action, alleges a different injury, and involves different factual issues than his earlier suits does not change the result. In this regard, Apseloff's situation is no different from Illustration 5 of the Restatement:

> A brings an action against B Co., a street railway company, alleging that the motorman was negligent in starting the car while A was alighting and that as a result A broke his arm. After a verdict and judgment for A, A brings a new action against B Co. alleging that after alighting from the car he fell into a trench negligently left by B Co. beside the road and broke his leg. The action is precluded.

Restatement (Second) of Judgments § 24 cmt. d, illus. 5. In this illustration, *A* suffered two distinct injuries resulting from two distinct acts of negligence on the part of *B*, and the facts relevant to both causes of action were different as well. Similarly here, Apseloff allegedly suffered two distinct injuries from two distinct illegal acts (lack of benefits from breach of contract versus firing due to discrimination), and the two causes of action involve different sets of facts (terms of employment contract versus Family Dollar's motivation for firing Apseloff).

Apseloff also advances two policy reasons for reversing the magistrate judge's order, which are ultimately unpersuasive. First, Apseloff argues that applying res judicata in this case "will discourage litigants from bringing relatively simple cases" to small claims court. Although this may be true, the doctrine of res judicata advances the opposing policy concern of preventing piecemeal litigation and promoting judicial efficiency. *National Amusements, Inc. v. City of Springdale*, 558

N.E.2d 1178, 1180 (Ohio 1990). In addition, Ohio courts routinely give preclusive effect to small claims court judgements, and therefore have demonstrated a preference for the latter, rather than the former, policy. *See, e.g.*, *Heisler v. Mallard Mech. Co.*, – N.E.2d –, 2007 WL 778622 (Ohio Ct. App. 2007). Second, Apseloff claims that applying res judicata here results "in a *de facto* shortening of the current Ohio six-year statute of limitations for bringing a wrongful termination [claim]." But this is true in every res judicata case where the claim precluded has a statute of limitations period longer than the earlier claim that formed the basis of the earlier lawsuit that was given preclusive effect. This is simply a consequence of Ohio having adopted the modern application of res judicata, which focuses on transactions rather than causes of actions. *See Grava*, 653 N.E.2d at 228-29. This court, when sitting in diversity, is not free to disagree with the policy reasons behind a state's legal rules.

For the foregoing reasons, we AFFIRM the magistrate judge's order granting Family Dollar's motion to dismiss.