NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0310n.06

No. 10-3272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 11, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JANE DOE, Mother of, a minor, other, Jane Doe, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JACKSON LOCAL SCHOOLS SCHOOL DISTRICT, et al. | ) ) ) | |
| Defendants-Appellees. | ) | |

Before: McKEAGUE and STRANCH, Circuit Judges; and MAYS, District Judge.[*]

**SAMUEL H. MAYS, JR., District Judge.** Plaintiff Jane Doe ("Plaintiff"), mother of Jane Doe ("Doe"), a minor, appeals the district court's grant of summary judgment in favor of Jackson Local Schools School District (the "District"), Gary Villard ("Villard"), Lili Genetin ("Genetin"), and Gus Dieringer ("Dieringer") (collectively, "Defendants"). Plaintiff argues that the district court erred in concluding that the doctrine of res judicata barred her claims. For the following reasons, we AFFIRM.

**I.**

This litigation resulted from a series of improper and tragic incidents. Plaintiff brings claims on behalf of Doe, a mentally handicapped, African-American female, who was six years old when

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

the incidents forming the basis of the claims began. While a student in the District, Doe was provided transportation to and from school on a seven-passenger mini-van, which was driven at various times by Villard, Genetin, and Dieringer. When Doe boarded the mini-van each day, the driver would direct her to sit in the back of the mini-van near older, white students, including high school student Justin Abney ("Abney"). Starting in 2002, Abney sexually assaulted and raped Doe repeatedly as she was being transported to and from school on the mini-van and while "in the presence of Defendants." According to Plaintiff, Defendants knew or should have known that Abney was sexually assaulting and raping Doe, but they permitted, encouraged, condoned, and failed to report his acts. After Abney's acts were discovered, he pled guilty to criminal charges.

On June 24, 2005, Plaintiff brought suit against Abney and the Defendants in the Court of Common Pleas in Stark County, Ohio (the "Court of Common Pleas"), asserting various state law claims (the "State Court Action"). The Court of Common Pleas denied Defendants' motion for summary judgment based on an Ohio statute that provides immunity from suit to political subdivisions and their employees. *See Doe v. Jackson Local Sch. Dist.*, No. 2006CA00212, 2007 Ohio App. LEXIS 3001, at *P10-P11, P28-P34 (Ohio Ct. App. June 26, 2007) (noting that the trial court had denied immunity). On appeal, the Ohio Court of Appeals reversed and remanded, concluding that Defendants were immune from suit under Ohio Rev. Code Ann. §§ 2744.02-2744.03. *Id.* at *P10, P23-P24, P27-28, P39-P43. The Supreme Court of Ohio declined Plaintiff's discretionary appeal. *See Doe v. Jackson Local Sch. Dist.*, 876 N.E.2d 969, 969 (Ohio 2007).

On July 16, 2009, Plaintiff filed the current action in the U.S. District Court for the Northern District of Ohio, alleging discrimination on the basis of disability, gender, and race in violation of federal and state law. The district court concluded that the judgment in the State Court Action barred

2

Plaintiff's claims and granted Defendants' motion for summary judgment based on res judicata. *See Doe v. Jackson Local Sch. Sch. Dist.*, 695 F. Supp. 2d 627, 630-33 (N.D. Ohio 2010). Plaintiff timely appealed.

## II.

Plaintiff argues that the district court erred for two reasons. The first is that the district court erroneously applied federal res judicata law and not Ohio res judicata law. The second is that the district court erroneously concluded that res judicata barred her present action.

We review a district court's grant of summary judgment *de novo*. *Hatchett v. United States*, 330 F.3d 875, 879-80 (6th Cir. 2003) (citing *Watkins v. Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001)); *Wilkins v. Jakeway*, 183 F.3d 528, 531-32 (6th Cir. 1999) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996)). We also review a district court's application of the doctrine of res judicata *de novo*. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)); *Wilkins*, 183 F.3d at 532 (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). In reviewing a grant of summary judgment, we may affirm "on grounds other than those employed by the lower court, as long as the party opposing summary judgment is not denied the opportunity to respond." *Thornton v. Fed. Express Corp.*, 530 F.3d 451, 456 n.2 (6th Cir. 2008) (citing *Carver v. Dennis*, 104 F.3d 847, 849 (6th Cir. 1997)); *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 677 (6th Cir. 2005) ("We of course may affirm on a ground not relied upon by the district court." (citing *United States v. Hudgins*, 52 F.3d 115, 118 (6th Cir. 1995))).

### A.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck*, 597 F.3d at 816-17 (citing *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007)); *see* 28 U.S.C. § 1738; *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) ("Well-settled law directs federal courts to give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)) (internal quotation marks omitted)). The district court stated that the issue was "the application of the federal res judicata doctrine, not the application of state preclusion law." *See Jackson Local Sch.*, 695 F. Supp. 2d at 632. Although federal law was technically at issue, in that federal law required the application of state res judicata law, the district court applied federal res judicata law, not Ohio res judicata law, to determine the preclusive effect of the judgment in the State Court Action. *See id.* at 630-33 (applying res judicata law from cases considering the preclusive effect of prior judgments in federal actions, not state actions) (citations omitted). In applying federal res judicata law, the district court erred. *See Buck*, 597 F.3d at 816-17; *Young*, 471 F.3d at 680; *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (applying Ohio res judicata law to determine whether an Ohio court's prior judgment precluded a federal action) (citation omitted).

B.

Under Ohio law, the doctrine of res judicata consists of "the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007) (citing *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995)); *see Holzemer v. Urbanski*, 712 N.E.2d 713, 716 (Ohio 1999) (explaining that, although "res judicata" may be used narrowly to describe the

4

historical doctrines of merger and bar, the preferred approach is to use "claim preclusion" when referring to those doctrines and "res judicata" when referring to claim preclusion and issue preclusion collectively) (citations omitted). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti*, 862 N.E.2d at 806 (citation omitted). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit[.]" *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies[,]" even if the causes of action differ. *Id.*; *see Fort Frye Teachers Ass'n v. State Emp't Relations Bd.*, 692 N.E.2d 140, 144 (Ohio 1998) (citations omitted).

Although Defendants moved for summary judgment based on res judicata, the substance of their argument demonstrates that they used that term to refer to claim preclusion and not to claim preclusion and issue preclusion collectively. *See Jackson Local Sch.*, 695 F. Supp. 2d at 631 (noting that, because Defendants had "moved for summary judgment on the basis of res judicata[,]" Plaintiff's arguments about collateral estoppel would be interpreted as challenges to res judicata or claim preclusion, not collateral estoppel or issue preclusion). The district court also used the term res judicata to refer to claim preclusion only. *See id.* at 630-33.

Claim preclusion has four elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous

5

action." *Hapgood*, 127 F.3d at 493 (applying Ohio law) (citation omitted); *see Portage Cnty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006) (citation omitted).

The judgment in Plaintiff's State Court Action is a final, valid decision by a court of competent jurisdiction. The Court of Common Pleas' entry of judgment, after the Ohio Court of Appeals had reversed and remanded, was a final decision on the merits in the State Court Action. *See, e.g.*, *Estate of Snell v. Kilburn*, 846 N.E.2d 572, 580-81 (Ohio Ct. App. 2005) (treating an Ohio trial court's grant of summary judgment as a final decision on the merits for res judicata purposes); *cf. Dunn v. Bruzzese*, 874 N.E.2d 1221, 1232 (Ohio Ct. App. 2007) (explaining that claim preclusion "does not concern itself with the procedure used to reach a judgment, only that a final judgment has been reached"). Jurisdiction was proper. *See Cheap Escape Co., Inc. v. Haddox, LLC*, 900 N.E.2d 601, 604 (noting that "courts of common pleas . . . are created by the Ohio Constitution and have statewide subject-matter jurisdiction" (citing Ohio Const. art. IV, § 4)).

This action involves the same parties as the State Court Action. Plaintiff in this action also brought the State Court Action. Defendants in this action, the District, Dieringer, Genetin, and Villard, were also defendants in the State Court Action.

Plaintiff asserts claims that "could have been litigated in the first action[.]" *See Hapgood*, 127 F.3d at 493. Under Ohio Rule of Civil Procedure 18, a party "may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." Ohio R. Civ. P. 18(A). Although Plaintiff argues that her current action advances claims that "have not yet been addressed by any court in prior proceedings," nothing prevented her from asserting those claims in the State Court Action, *see* Ohio R. Civ. P. 18(A). Indeed, if those claims arise from the same transaction or occurrence as the claims in the State Court Action, Plaintiff was required to assert them

6

in the State Court Action under Ohio's claim preclusion doctrine. *See Grava*, 653 N.E.2d at 229 (stating that claim preclusion "requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it") (citation omitted).

Plaintiff's claims arise from the same transaction or occurrence as the claims in the State Court Action. "A transaction or occurrence is defined as a 'common nucleus of operative facts.'" *Fifth Third Bank v. Hopkins*, 894 N.E.2d 65, 68 (Ohio Ct. App. 2008) (quoting *Grava*, 653 N.E.2d at 229); *see Portage Cnty.*, 846 N.E.2d at 494-495. "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims." *Grava*, 653 N.E.2d at 229 (quoting Restatement (Second) of Judgments § 24 cmt. c (1982)). Plaintiff's claims in this action arise out of Abney's repeated attacks on Doe while they rode on a District mini-van. Those facts also gave rise to the claims in Plaintiff's State Court Action. Alleging that Doe's disability, gender, and race played a role in Defendants' failure to prevent and respond to Abney's attacks on Doe, Plaintiff now asserts claims for discrimination on the basis of disability, gender, and race under federal and state law. Although those claims were not asserted in her State Court Action, that Plaintiff relies on different legal theories "does not create multiple transactions and hence multiple claims." *See Grava*, 653 N.E.2d at 229. Because Plaintiff's claims share a common nucleus of operative facts with her claims in the State Court Action, they arise from the same transaction or occurrence.

Plaintiff's claims are barred by Ohio's doctrine of claim preclusion. *See Hapgood*, 127 F.3d at 493; *Portage Cnty.*, 846 N.E.2d at 495; *O'Nesti*, 862 N.E.2d at 806. No exception to the doctrine applies. *Cf., e.g.*, *State ex rel. Estate of Miles v. Piketon*, 903 N.E.2d 311, 316-317 (Ohio 2009); *Davis v. Wal-Mart Stores, Inc.*, 756 N.E.2d 657, 659 (Ohio 2001).

**III.**

The district court erred in applying federal, rather than Ohio, res judicata law, but its conclusion was correct.  Because Plaintiff's claims are precluded under Ohio law, we AFFIRM.