**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2009
_____

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY

v.

CHRYSSOULA ARSENIS;
SPEECH & LANGUAGE CENTER LLC;
JOHN DOES 1-10;
ABC CORPORATIONS 1-10

Chryssoula Arsenis; Speech & Language Center, LLC,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-22822)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2025
Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed September 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Chryssoula Arsenis, proceeding pro se, appeals from an order directing her to show cause why a filing injunction should not be imposed and remanding to state court a case brought against her and her company, Speech and Language Center, by Horizon Blue Cross Blue Shield (Horizon). We will dismiss this appeal in part for lack of jurisdiction and will otherwise affirm the District Court's judgment.

I.

Horizon filed a complaint in New Jersey Superior Court against Arsenis and Speech and Language Center, alleging that they engaged in fraudulent billing. The litigation resulted in a settlement agreement. Horizon later moved in state court to enforce its rights under the settlement agreement. The state court granted that motion.

Thereafter, in 2022, Arsenis removed the case to the United States District Court for the District of New Jersey.[1] D.N.J. Civ. No. 3:22-cv-01748. Her notice of removal, which cited 28 U.S.C. § 1441, alleged that there was federal-question and diversity jurisdiction. The District Court remanded the matter to state court, determining that federal jurisdiction was lacking and that removal was untimely. Arsenis appealed. We dismissed the appeal for lack of jurisdiction, noting that the District Court's "'routine' jurisdictional determination falls within the prohibition of appellate review under [28 U.S.C.] § 1447(d)." C.A. No. 22-2577 (order entered Dec. 14, 2022). The Supreme Court denied Arsenis' petition for a writ of certiorari and her petition for rehearing.

---

[1] We note that Arsenis cannot proceed pro se in federal court on behalf of her company. See Simbraw v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966) (per curiam) (providing that a corporation may appear in federal court only through licensed counsel).

On November 29, 2023, Arsenis filed another notice of removal, this time citing 28 U.S.C. § 1441(b) and § 1443. D.N.J. Civ. No. 3:23-cv-22822. Horizon filed a motion to remand, arguing that the notice of removal was untimely and that the District Court lacked jurisdiction. Horizon also filed a "cross-motion for sanctions." Arsenis filed motions to strike a state court judge's order, entered in a separate underlying proceeding, and defamatory statements allegedly made by Horizon.

The District Court granted Horizon's motion to remand, holding that it lacked subject matter jurisdiction and that Arsenis' removal motion was untimely. The District Court also concluded that, "[g]iven [its] finding that it lacks subject-matter jurisdiction over this action, it cannot consider [Arsenis'] Motions to Strike."[2] Finally, with respect to Horizon's motion for sanctions, the District Court directed Arsenis to show cause as to "why she should not be enjoined from removing the Instant Action and similar actions to this Court in the future." Arsenis timely appealed.

## II.

Before we can reach the merits of this appeal, we must address our jurisdiction and the scope of the appeal. Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." See Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (recognizing that, through § 1447(d), "Congress has fashioned an exception to

---

[2] We note that Arsenis has not challenged on appeal the District Court's decision not to address her motions to strike. Therefore, that issue is forfeited. M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in opening brief).

3

the general rule of review, and made a district court's initial determination that removal was inappropriate a nonreviewable one"). But § 1447(d)'s jurisdictional bar does not apply to remand orders in cases removed pursuant to 28 U.S.C. § 1443. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). To remove a case under that provision, "a defendant's notice of removal must assert the case is removable 'in accordance with or by reason of'" § 1443(1). BP P.L.C. v. Mayor & City Council of Balt., 141 S. Ct. 1532, 1538 (2021).

In her notice of removal, Arsenis cited § 1443, which was sufficient to invoke that removal statute. See id. at 1538 ("Once [a defendant cites § 1443 in a notice of removal] and the district court ordered the case remanded to state court, the whole of its order became reviewable on appeal."). Accordingly, we have jurisdiction to review the District Court's decision to remand the case to state court.[3] See 28 U.S.C. § 1291; Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000) (exercising plenary review over District Court's decision to remand). Jurisdiction exists even though Arsenis' notice of removal cited both § 1441 and § 1443. See BP, 141 S. Ct. at 1538 ("Nor does it matter if (as here) a defendant removes a case 'pursuant to' *multiple* federal statutes."). And our review encompasses "the merits of all theories for removal that a district court has rejected." See id. at 1537.

---

[3] But we lack jurisdiction over the District Court's direction that Arsenis show cause why a filing injunction should not be issued. See Weitzman v. Stein, 897 F.2d 653, 657 (2d Cir. 1990) (holding that order to show cause was not an appealable final order).

III.

Turning now to the merits, we conclude that the District Court properly remanded the case to the state court because it lacked subject matter jurisdiction.

A.

A defendant may remove to federal district court a civil action brought in state court if a district court has original jurisdiction over it. See 28 U.S.C. § 1441(a). The question is whether "it could have been brought originally in federal court, either because the complaint raises claims arising under federal law or because it falls within the court's diversity jurisdiction." Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 441 (2019). Diversity jurisdiction does not apply here because, as the District Court properly concluded when remanding the case the first time, both Arsenis and Horizon are citizens of New Jersey. See 28 U.S.C. § 1332(a) (providing that federal district courts have subject matter jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (stating that complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants").

In addition, the District Court lacked federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, Horizon's state court complaint, on its face, did not raise a federal question under 28 U.S.C. § 1331. Notably, Arsenis has not

5

contested the District Court's reiteration of its earlier conclusion that Horizon's state court complaint "allege[d] only state law claims:  insurance fraud, common law fraud, breach of contract, unjust enrichment, and negligent misrepresentation."  Instead, to establish federal question jurisdiction, Arsenis argues that the Employee Retirement Income Security Act (ERISA) preempts state law and acts as an exception to the well-pleaded complaint rule.  Although the "complete pre-emption" doctrine provides an exception to well-pleaded complaint rule, see Krashna v. Oliver Realty, Inc., 895 F.2d 111, 113 (3d Cir. 1990), that doctrine does not apply here, where a healthcare provider sought to recover for payment of inflated or fraudulent bills.  See Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 407-08 (3d Cir. 2021) (stating that "[c]omplete preemption is rare"); Pascack Valley Hosp. v. Loc. 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004) ("conclud[ing] that the Hospital could not have brought its claims under [ERISA's civil enforcement mechanism] because the Hospital does not have standing to sue under that statute"); Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1241 (11th Cir. 2001) (stating that healthcare provider claims usually are not subject to complete preemption because "[h]ealthcare providers . . . generally are not considered 'beneficiaries' or 'participants' under ERISA" (citing Cagle v. Bruner, 112 F.3d 1510, 1514 (11th Cir. 1997))).  And although Arsenis asserted that enforcement of the settlement agreement violated her federal constitutional and statutory rights, a federal defense "usually is insufficient to warrant removal to federal court."  Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995).

B.

As noted above, Arsenis' notice of removal also cited 28 U.S.C. § 1443, which permits removal of a pending state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1);[4] Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (stating that § 1443 is "a narrow exception to the rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint"). Removal under § 1443 "requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce' that right in the courts of the state." Davis, 107 F.3d at 1047 (internal quotation marks omitted). For the first prong, a defendant must demonstrate that the civil rights she asserts were denied are "in the specific language of racial equality" rather than "phrased in terms of general application available to all persons or citizens." Georgia v. Rachel, 384 U.S. 780, 792 (1966). Under the second prong, removal is proper only where a defendant's federal civil rights "will inevitably be denied by the very act of bringing the defendant to trial in the state court."

---

[4] Subsection (2) of § 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them, in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Because Arsenis is not a federal officer or agent, that subsection of § 1443 is inapplicable.

7

Peacock, 384 U.S. at 828. The denial of federal civil rights must generally be "manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks and citation omitted).

Arsenis failed to satisfy the requirements for removal under § 1443. See Erie Ins. Exch. by Stephenson v. Erie Indem. Co., 68 F.4th 815, 818 (3d Cir. 2023) (stating that the party seeking removal "bears the burden of establishing federal jurisdiction"), cert. denied, 144 S. Ct. 1007 (2024). She now alleges "violations of federally protected rights under the [Americans with Disabilities Act (ADA)]." But she has not couched her civil rights claims in terms of racial equality. And although she vaguely claims that her rights "cannot be adequately protected in state court," she has not shown that she cannot enforce her federal rights in the New Jersey courts due to some "formal expression of state law." Cf. Hapgood v. City of Warren, 127 F.3d 490, 494 (6th Cir. 1997) (stating that "[s]tate courts have concurrent jurisdiction over ADA claims").

IV.

In sum, we conclude that we lack jurisdiction over the show cause order, but that we have jurisdiction over the District Court's decision to grant Horizon's motion to remand the case to state court, which was proper. Accordingly, we will dismiss the appeal in part for lack of jurisdiction, and to the extent that we do have jurisdiction, we will affirm the District Court's judgment.[5]

---

[5] Horizon's motion to seal Arsenis' appendix is granted. We direct the Clerk's Office to seal that appendix for twenty-five years, as it contains personal information about

8

individuals who received services from the Speech and Language Center.  <u>See</u> 3d Cir. L.A.R. 106.1(a).