[Cite as *El Bey v. Mitchell*, 2025-Ohio-4656.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEVEN ABDUL-AZZIZ EL BEY, | Case No. 2025 CA 00041 |
| Plaintiff - Appellant | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Licking County, Case No. 2025 CV 00186 |
| THERESA ALEX MITCHELL, | |
| Defendant - Appellee | Judgment: Affirmed |
| | Date of Judgment: October 8, 2025 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Steven Abdul-Azziz El Bey, fka Steven Lamar Smith, briefed the case on his own behalf as Plaintiff-Appellant; Alfred Ray English, for Defendant-Appellee.

*Gormley, J.*

{¶1}    Appellant Steven Abdul-Azziz El Bey appeals the judgment of the Court of Common Pleas of Licking County granting summary judgment in favor of Appellee Theresa Mitchell.  For the reasons that follow, we affirm the trial court's judgment.

**The Key Facts**

{¶2}    In June 2010, El Bey conveyed to Mitchall all interest in real property located at 314 10th Street in Newark, Ohio.  The circumstances that gave rise to that transfer are not at issue in this appeal.  Even after the transfer, El Bey believed that he maintained his interest in the property and that Mitchell could not sell it.

{¶3}    In June 2024, El Bey filed a complaint to quiet title on the property.  After both El Bey and Mitchell had filed motions for summary judgment, El Bey moved to amend

his complaint to add claims for promissory estoppel, conversion, fraud, unjust enrichment, and constructive trust. The trial court denied El Bey's motion to amend the complaint, granted Mitchell's motion for summary judgment, and denied El Bey's motion for summary judgment. El Bey filed a notice of appeal but failed to timely file his brief, resulting in the dismissal of his appeal by our court for want of prosecution.

{¶4} In February 2025, El Bey filed another complaint against Mitchell seeking to quiet title for the same real property. He also asserted claims for promissory estoppel, conversion, fraud, unjust enrichment, and constructive title. Mitchell promptly responded by filing a motion for summary judgment on the grounds that El Bey's second complaint was barred by the doctrine of res judicata or claim preclusion. The trial court found that El Bey's complaint was indeed barred by the claim-preclusion doctrine, so that court granted Mitchell's motion for summary judgment. El Bey now appeals.

## El Bey's Second Complaint is Barred by the Claim-Preclusion Doctrine

{¶5} El Bey contends that the trial court erred in its claim-preclusion analysis because, according to El Bey, he raised new claims in this action that were not raised in his first lawsuit.

{¶6} Appellate courts review with fresh eyes a trial court's decision on a motion for summary judgment. *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30 ("an appellate court applies a de novo standard of review" when a summary-judgment decision is challenged). In reviewing the trial court's judgment in this case, we must conduct "an independent review of the evidence without deference to the trial court's findings." *Id*. In doing so, we examine the evidence available in the record and determine whether summary judgment is appropriate. *Id*.

{¶7} Under Civ.R. 56(C), summary judgment may be granted only after the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and — viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made — that conclusion is adverse to that party. *PNC Bank Natl. Assn. v. Whitaker*, 2025-Ohio-1078, ¶ 17 (5th Dist.), citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party seeking summary judgment bears the initial burden of demonstrating that no issues of material fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. *Id*. at 293.

{¶8} Mitchell argued in her summary-judgment motion that El Bey's second complaint raised claims that either were asserted in the prior action or could have been asserted in that earlier case, and she alleged that any new claims in El Bey's second complaint arose out of the same transaction that was the subject matter of the previous lawsuit. The trial court agreed and determined that Mitchell was entitled to judgment in her favor as a matter of law.

{¶9} The doctrine of claim preclusion provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. *See also O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6 ("Claim preclusion prevents subsequent actions, by

the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action"). Claim preclusion also bars an action in which a claim "could have been litigated in the previous suit," but, for whatever reason, was not litigated. *Id.*

**{¶10}** Claim preclusion is marked by four key elements: "'(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 23, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

**{¶11}** The first factor — whether there was a final and valid decision on the merits — is met in this case. In the first action, the trial court granted summary judgment in Mitchell's favor. A judgment granting a motion for summary judgment operates as an adjudication on the merits and has a preclusive effect on subsequent actions. *See In re Kreitzer*, 489 B.R. 698, 709 (Bankr.S.D.Ohio 2013) (when an issue is litigated and determined on the merits through a summary-judgment motion, claim preclusion applies). Though El Bey appealed after losing that first lawsuit, his failure to timely file a brief and our court's subsequent dismissal of that appeal had the effect of leaving in place as a final and valid judgment the trial court's ruling in the first lawsuit.

**{¶12}** The second claim-preclusion element focuses on whether the two actions involved the same parties. The parties in El Bey's first and second lawsuits were in fact identical. He was the plaintiff in both actions and Mitchell was the only defendant in both.

**{¶13}** Under the third factor, we look to see whether the second action raised claims that were or could have been litigated in the first action. El Bey asserted only a claim to quiet title in the initial complaint in his first lawsuit. He later moved the trial court for permission to amend that complaint in the first case to add claims for promissory estoppel, conversion, fraud, unjust enrichment, and constructive trust. The trial court denied that request. In the second lawsuit, El Bey's complaint again asserted a claim to quiet title and included claims for promissory estoppel, conversion, fraud, unjust enrichment, and constructive trust.

**{¶14}** The last factor focuses on whether the second action arose out of the same transaction or occurrence as the previous action. Both actions focused on the transfer of real property located at 314 10th Street in Newark, Ohio. And notably, the allegations in El Bey's second complaint refer to events that occurred prior to the date when he filed his first lawsuit.

**{¶15}** El Bey was required "to present every ground for relief in the first action[ ] or be forever barred from asserting it." *Natl. Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62 (1990). The trial court's judgment in favor of Mitchell in the first action serves as a bar to El Bey's attempt to relitigate any claims asserted in that first lawsuit and also bars his attempt to raise additional, yet related, claims in the second action.

**{¶16}** The elements of claim preclusion were met in this case, and the trial court properly concluded that El Bey's second lawsuit was barred by that doctrine. Mitchell was entitled to judgment in her favor as a matter of law on El Bey's second complaint.

**{¶17}** For the reasons explained above, the judgment of the Court of Common Pleas of Licking County is affirmed.  Costs are to be paid by Appellant Steven Abdul-Azziz El Bey, who was formerly known as Steven L. Smith, and whose inmate number is A-723-031 at the Allen-Oakwood Correctional Institution in Lima.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.