DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the March 27, 2003 judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, FirstEnergy Corporation, d/b/a Toledo Edison Co., and dismissed the complaint of appellant, Blake Homes, Ltd. Because we find that the trial court erred by granting summary judgment to appellee, we reverse the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "The trial court erred in applying the doctrine of res judicata to bar the second lawsuit where the breach occurred under different circumstances and involved different damages from the first lawsuit.
 {¶ 3} "It was error to grant summary judgment on the basis of res judicata where the underlying contract contains no acceleration terms, which restricts liability under the contract to post hoc damages."
 {¶ 4} This case arises out of a contract between the parties executed on March 12, 1997. Appellant built a geothermal model home in the Eagles Landing subdivision in cooperation with appellee. Under the contract, appellee agreed to pay certain costs related to the maintenance of the home for a minimum of one year and until the home was sold and no longer used as a model home. In the interim, appellant remained the sole owner of the home. Appellee also agreed to conduct necessary advertising and promotion of the home. After the home was sold, appellant agreed to return a portion of the proceeds to appellee to reimburse it for the land which appellee had deeded to appellant prior to construction of the home. The value of the land was to be determined by another agreement and appended to the contract at issue prior to construction of the home. This second agreement, if made, was not appended to the first contract. There was no provision in the contract controlling the rights of the parties upon breach of the contract by either party.
 {¶ 5} On August 19, 1999, appellant brought suit against appellee claiming that appellee breached the contract on November 1, 1998 by refusing to pay all of the costs for which it was responsible under the contract up to the date of the suit (approximately $35,000); negligently misrepresented that it would pay the advertising and promotional costs for the sale of the home; negligently misrepresented the success of the Eagles Landing project which induced appellant to purchase additional lots which diminished in value; and that appellee fraudulently induced appellant to enter into the contract.
 {¶ 6} On February 22, 2000, appellant filed a motion for a preliminary injunction. Its motion was denied on May 5, 2000. The case went to trial and a jury awarded appellant $80,750 in compensatory damages, $169,250 in punitive damages, and attorney fees.
 {¶ 7} The judgment was affirmed in part and reversed in part on appeal. This court held that the jury's finding that appellee had breached the contact was supported by the manifest weight of the evidence. However, we reversed the judgment in part because appellant failed to demonstrate that he had damages other than those associated with the breach of contract claim. Consequently, we also reversed the punitive damage and attorneys fee awards. Finally, we held that appellant was only entitled to prejudgment interest under R.C. 1343.03(A) and that the trial court erred by failing to determine the amount of prejudgment interest appellee owed. The case was remanded to the lower court for determination of the amount of prejudgment interest to be awarded. BlakeHomes, Ltd. v. Toledo Edison Company, 6th Dist. App. No. L-01-1409, 2002-Ohio-4219.
 {¶ 8} Appellant sued appellee again on November 8, 2001, alleging that since November 1, 1998, appellee has breached its contract between the parties by failing to pay certain costs that it is responsible to pay under the contract. These costs arose between May 17, 2001 and October 2, 2001, and total $33,015.48. Appellant also sought an injunction to compel appellee to continue paying the costs imposed upon them by the contract until the geothermal home was sold and conveyed and to compel appellee to expend the necessary funds to market and sell the house for an amount to be determined by the court.
 {¶ 9} Appellee asserted the defense of res judicata in its answer and in its motion for summary judgment. Appellee argued that all damages arising out of the breach of the contract had to be litigated within the first action. Appellant opposed the motion arguing that this was an on-going contract and he was required to wait until appellee failed to pay the maintenance costs as they became due and payable before he could sue for nonpayment. In its March 27, 2003 judgment, the trial court granted the motion for summary judgment and dismissed the complaint with prejudice. Appellant has appealed from that judgment.
 {¶ 10} Appellant's two assignments of error have been consolidated for our review. The central issue in this case is whether the doctrine of res judicata is applicable to bar a second litigation based upon a cause of action for breach of a continuing contract where the second litigation involves the same contract but a different time period during which damages were incurred.
 {¶ 11} On appeal, appellant argues that once he performed his duties under the contract, the contract converted into a unilateral contract for money or an installment contract, which did not contain an acceleration clause. He adopts this view because it would justify filing a suit as the maintenance costs became due and payable and appellee failed to pay. Appellee contends, however, that the second breach of contract arises out of the "same transaction" and "common nucleus of operative facts" and that the doctrine of res judicata would bar multiple suits under the contract. It asserts that the jury awarded all the damages to which appellant was entitled up until the time that appellee terminated the contract and that appellant should have litigated his future damages in the first suit.
 {¶ 12} The doctrine of res judicata encompasses both claim preclusion and issue preclusion. Under the doctrine of claim preclusion, which is the issue in this case, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. (Paragraph two of the syllabus of Norwood v. McDonald [1943],142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, overruled; paragraph two of the syllabus of Whitehead v. Gen. Tel. Co. [1969],20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, overruled to the extent inconsistent herewith; paragraph one of the syllabus of Norwood,supra, and paragraph one of the syllabus of Whitehead, supra,
modified; 1 Restatement of the Law 2d, Judgments [1982], Sections 24-25, approved and adopted.)" Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. A transaction or occurrence is defined as a "common nucleus of operative facts." Id. at 382-383.
 {¶ 13} The fact that two causes of action arise out of the same contract does not, by itself, mean that they could have been brought at the same time. The Baker Group, L.C. v. BurlingtonNorthern and Santa Fe Railway Co. (8th Cir., 2000),228 F.3d 883, 886; Moriarty v. Adinamis Funeral Directors, Ltd. (N.D., Ill., 2002), Case No. 01 C 1378, 2002 U.S. Dist. LEXIS 7279, at 21. Therefore, the issue in this case is whether the second cause of action arose out of the same core of operative facts.
 {¶ 14} First, unless there has been a repudiation of the contract, a party's failure to perform a contract does not constitute a breach of the contract unless performance was due. Restatement of the Law 2d, Contracts (1979), Sec. 235(2). Second, some courts have held that continuing contracts are analogous to the installment contract because they also require continuing performance. Trustees for Alaska Laborers v. Ferrell (9th Cir., 1987), 812 F.2d 512, 517, and 9-53 Corbin on Contracts at Sec. 956. Under an installment contract, where there is no acceleration clause, the failure to pay a single installment does not constitute a total breach of the contract. Humitsch v.Collier (Dec. 29, 2000), 11th Dist. App. No. 99-L-099, at 7-8. Likewise, in a continuing contract, courts have held that each failure to perform results in a separate cause of action for partial breach of the contract. Trustees, supra.
 {¶ 15} Furthermore, if a breaching party repudiates a continuing contract, the "* * * injured party may (1) treat the contract as rescinded and recover on a quantum meruit so far as he has performed, or (2) keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform at the end of the time specified in the contract, and sue and recover under the contract, or (3) he may treat the repudiation as putting an end to the contract for all purposes of performance and sue to recover as far as he has performed and for the profits he would have realized if he had not been prevented from performing." Reid, Johnson, Downes, Andrachik Webster v.Lansberry (1994), 68 Ohio St.3d 570, 577, Douglas, J. dissenting citing Cleveland Co. v. Standard Amusement Co. (1921),103 Ohio St. 382, paragraph one of the syllabus, Wellston Coal Co. v.Franklin Paper Co. (1897), 57 Ohio St. 182; and Restatement of the Law 2d, Contracts (1981), Sections 344-347 (other citations omitted).
 {¶ 16} The agreement in this case required appellee to periodically reimburse appellant for the maintenance costs, after they were incurred, until the home was sold. While the reimbursements owed by appellee were not fixed or scheduled payments, they were incremental duties appellee owed to appellant. Because the contract at issue was a continuing contract, appellant could sue appellee each time it refused to pay the maintenance costs as they were billed. The failure to pay for each time period presents a separate partial breach of the contract and separate operative facts.
 {¶ 17} Therefore, we conclude that the trial court erred by granting appellee summary judgment and dismissing appellant's complaint on the grounds of res judicata. Appellant's first and second assignments of error are well-taken.
 {¶ 18} Having found that the trial court committed error prejudicial to appellant, the judgment of the Lucas Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
Judgment Reversed.
Mark L. Pietrykowski, J. Judge.
Arlene Singer, J. Judge, concur.