[Cite as *State ex rel. Dept. of Edn. v. Ministerial Day Care*, 2016-Ohio-8485.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.    103685

---

# STATE OF OHIO EX REL., DEPARTMENT OF EDUCATION, ET AL.

PLAINTIFFS-APPELLEES

vs.

# MINISTERIAL DAY CARE, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-820766

**BEFORE:**   Boyle, J., Jones, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   December 29, 2016

**ATTORNEY FOR APPELLANT**

Tyrone E. Reed
Tyrone E. Reed & Associates
11811 Shaker Boulevard, #420
Cleveland, Ohio    44120


**ATTORNEYS FOR APPELLEES**

Mike DeWine
Ohio Attorney General
BY:    Todd R. Marti
            Amy Nash Golian
Assistant Attorney Generals
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio    43215

Michael T. Fisher
Assistant Attorney General
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Ministerial Day Care Association ("Ministerial"), appeals the trial court's decision granting summary judgment in favor of plaintiffs-appellees, the Ohio Department of Education and Ohio Attorney General Michael DeWine (collectively "ODE"), on their claim for recovery of public funds. Finding no merit to the appeal, we affirm.

## A. Procedural History and Facts

{¶2} In January 2014, ODE sued Ministerial and Verneda Bentley, who was the former executive director of Ministerial, alleging that they were jointly and severally liable for public funds illegally expended in the total amount of $7,506,365. According to the complaint, Ministerial is a 501(c)(3) nonprofit organization and a recipient of federal, state, and county Head Start funds as a grantee for the purposes of operating day care and Head Start programs. On January 28, 2008, the Ohio auditor of state's office issued a report on a special audit of Ministerial for the period August 1, 1998, through July 31, 2001 ("the Special Audit Report"), which detailed its audit and "findings for recovery" against Ministerial "totaling $7,506,365 for public monies illegally expended and in favor of ODE." ODE attached the Special Audit Report to the complaint, which was certified on January 28, 2008.

{¶3} Ministerial answered the complaint and asserted several affirmative defenses, including res judicata, statute of limitations, and unclean hands.

**{¶4}** Both parties filed cross-motions for summary judgment.

**{¶5}** ODE moved for summary judgment on the basis that Ministerial is liable under R.C. 117.28 and 117.36, which allow for the recovery of public money that has been illegally expended. ODE argued that, in accordance with the regulations governing the Head Start program, Ministerial was required to keep eligibility determination records for each participant. Relying on the Special Audit Report, ODE argued that Ministerial "had records for far fewer children that they obtained funding for" and that the Special Audit Report specifically calculated the amount of extra funding Ministerial received for children reported but not documented — a total of $7,506,365. Under R.C. 117.36, "[a] certified copy of any portion of the report containing factual information is prima-facie evidence in determining the truth of the allegations of the petition" seeking to reduce the finding to judgment. Based on the findings contained in the Special Audit Report, which was certified and attached to the complaint, ODE argued it was entitled to summary judgment.

**{¶6}** Although Ministerial purported to file a "motion in opposition to plaintiffs' motion for summary judgment and memorandum in support thereof," its filing consisted of a single page labeled as page "8" — an apparent incomplete portion of a larger memorandum that was not filed in its entirety. The single page failed to rebut the grounds asserted in ODE's motion for summary judgment. On the same day, Ministerial also separately filed documents titled Exhibits 1, 2, and 3, which appear to be copies of two state audits and a copy of the case docket of an earlier lawsuit filed

between ODE and Ministerial. None of these documents, however, were authenticated by affidavit.

**{¶7}** Ministerial, however, filed its own motion for summary judgment on the grounds that ODE's claim was barred by both the statute of limitations and the doctrine of res judicata. ODE opposed the motion, arguing that both grounds failed because Ministerial has not proven the facts required to establish either defense.

**{¶8}** After the dispositive motion deadline passed, Ministerial filed a motion to supplement affidavit of Reverend George Stewart to motion for summary judgment, which was not ruled upon by the trial court.

**{¶9}** The trial court ultimately denied Ministerial's motion for summary judgment but granted ODE's motion for summary judgment and awarded judgment against Ministerial and Bentley, "jointly and severally, in the amount of $7,506,365 plus statutory interest." From this order, Ministerial appeals,[1] raising the following single assignment of error:

> Should summary judgment have been granted in favor of the State of Ohio if there are questions as to the accuracy of the findings of the State Auditors' Second Special Audit Report and if the State's claims should be barred by the doctrine of res judicata?

### B. Standard of Review

**{¶10}** An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d

---

[1] Bentley has not filed a notice of appeal and therefore is not part of this appeal.

241 (1996). De novo review means that this court "uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980). In other words, we review the trial court's decision without according the trial court any deference. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶11} Under Civ.R. 56(C), summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1976). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). But if the moving party satisfies "its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

{¶12} In this appeal, Ministerial challenges the trial court's granting of summary judgment in favor of ODE on two grounds: (1) ODE's claim was barred by the doctrine of res judicata, and (2) the existence of disputed facts as to the accuracy of the 2008

Second Special Audit Report renders summary judgment inappropriate. We will address each argument in turn.

### C. Res Judicata

{¶13} Ministerial argues that the trial court should have denied the ODE's motion for summary judgment because res judicata barred its claim. We disagree.

{¶14} Under Ohio law, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction of occurrence that was the subject matter of the previous action." *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. Relying on federal law, the Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 123, 2006-Ohio-954, 846 N.E.2d 478, citing *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

{¶15} Relevant to this appeal, Ministerial was awarded annual grants for its participation in Head Start during the time period of 1997-2001 as follows:

| Grant Year | Amount |
| --- | --- |
| 1997-1998 | $6,106,027 |
| 1998-1999 | $6,276,930 |

| 1999-2000 | $7,252,790 |
| 2000-2001 | $7,694,798 |

**{¶16}** The amount of each grant year was based on the number of children reported as enrolled. In 2003, ODE sued Ministerial after the auditor issued a R.C. 117.28 finding that Ministerial had received far more in Head Start funds than it was entitled to for the grant year 1997-1998. The finding was based on a special audit that discovered Ministerial could document far fewer participating children than it identified in its December 1997 enrollment report. The case was dismissed without prejudice and refiled in 2006. The case proceeded to a jury trial where the jury ultimately found in favor of ODE and awarded it $2,582,735. We affirmed the verdict on appeal. *See State ex rel. ODE v. Ministerial Day Care Assn.*, 8th Dist. Cuyahoga No. 94062, 2010-Ohio-5009.

**{¶17}** In this case, Ministerial contends that the state should have amended its 2006 complaint to include recovery for the funds distributed during grant years 1998-2001 as opposed to waiting six years and bringing the claim as a second action. While there is no dispute that this action involves the same parties of the 2006 action and that a final judgment was reached in the 2006 action, the critical question in this case is whether the claims in the two actions "arise from the same transaction or series of connected transactions, or a common nucleus of operative facts." *Miami Valley Hosp. v. Purvis*, 2d Dist. Montgomery No. 21740, 2007-Ohio-4721, ¶ 15. According to Ministerial, both actions involve the same transaction or a connected series of transactions and that ODE's failure to amend their complaint precludes the instant

action.    We find Ministerial's argument, however, unpersuasive.

{¶18} It is well settled that res judicata does not bar a subsequent action between the same parties when the facts giving rise to the second action were not in existence at the time of commencement of the first action.    *See, e.g.*, *Ahmmad v. Ahmed*, 10th Dist. Franklin No. 14AP-736, 2015-Ohio-2537, ¶ 43 (plaintiff's earlier case — filed against his business partner to prevent him from entering the business premises due to allegations of theft — did not bar plaintiff's subsequent case against same partner for breach of an agreement related to the business when the breach occurred years after the filing of the first case; the mere existence of agreement at the time of the first filing was not enough to invoke the doctrine of res judicata); *Blake Homes, Ltd. v. First Energy Corp.*, 6th Dist. Lucas No. L-03-1109, 2004-Ohio-887 (res judicata did not apply because the contract at issue was a continuing contract and the failure to pay for each time period presents a separate partial breach of the contract and separate operative facts); s*ee also Olmsted Falls Bd. of Edn. v. Cuyahoga Cty Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 16 ("[E]ach tax year constitutes a new 'claim' or 'cause of action,' such that the determination of value for one tax year does not operate as res judicata that would bar litigation of value as to the next tax year.").

{¶19} ODE's claim in the underlying suit is based on different grant years and a different audit report — these are therefore separate operative facts that preclude the application of res judicata.    The first audit report covered grant year 1997-1998, whereas this action involves grant years 1998-2001 based on the Special Audit Report of

January 2008. Notably, the Special Audit Report was not even completed at the time that ODE filed the first action in 2006. Further, Ministerial offers no support for its claim that ODE should have amended its complaint to include its claim based on the Special Audit Report. Nor do we find any authority that supports such a proposition. Accordingly, the trial court properly rejected Ministerial's claim that res judicata applied and properly granted judgment in ODE's favor on summary judgment.

### D. Disputed Issue of Fact

{¶20} On appeal, Ministerial further attacks the trial court's granting of summary judgment on the basis that a genuine issue of material fact exists. Specifically, Ministerial contends that its dispute of the accuracy of the Special Audit Report relied on by ODE precludes the award of summary judgment. But the record reflects that Ministerial failed to rebut ODE's evidence in the proceedings below. To the extent that Ministerial relies on the affidavit of Reverend Stewart in support of its claim, Ministerial did not timely file this affidavit as part of its brief in opposition. Although Ministerial moved to supplement its cross-motion for summary judgment with this affidavit, the trial court never ruled on this motion and therefore it is deemed denied. *See Solon v. Solon Baptist Temple, Inc.*, 8 Ohio App.3d 347, 457 N.E.2d 858, paragraph two of the syllabus (8th Dist.1982). The affidavit is therefore not properly before us. Accordingly, given the absence of any Civ.R. 56 evidence rebutting ODE's claim, we find no basis to conclude that a genuine issue of material fact exists that would have rendered summary judgment inappropriate.

**{¶21}** Ministerial's sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

LARRY A. JONES, SR., A.J., and
MARY EILEEN KILBANE, J., CONCUR