[Cite as *State ex rel. Clinton v. MetroHealth Sys.*, 2017-Ohio-2855.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104685

---

## STATE OF OHIO EX REL., KAREN CLINTON

DEFENDANT-APPELLANT

vs.

## METROHEALTH SYSTEM

PLAINTIFF-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-733691

**BEFORE:** Laster Mays, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 18, 2017

-i-

**FOR APPELLANT**

Karen Clinton, pro se
2045 Glenwood Drive
Twinsburg, Ohio 44087


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Charles E. Hannan
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Karen Clinton ("Clinton"), appeals the trial court's denial of her motion for relief from judgment. We affirm.

{¶2} Clinton assigns eight assignments of error for our review; however, only the first assignment of error concerns the trial court's denial of her motion. The remaining seven are not related to the trial court's denial of Clinton's motion, but rather concern prior decisions this court has rendered on Clinton's prior cases including *Clinton v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 86886, 2006-Ohio-3582 ("*Clinton I*") and *State ex rel. Clinton v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 100590, 2014-Ohio-4469 ("*Clinton II*"). The Ohio Supreme Court refused to reconsider its decision not to take jurisdiction of Clinton's appeal. This court denied reconsideration in both cases.

{¶3} As a result of the denials, Clinton has filed this appeal. She states, "since the Ohio Supreme Court refused to hear the merits of my appeal, this motion was the only alternative procedural device to bring the errors back before this court to correct its prior erroneous decision in *Clinton I* and *II*." We will only consider and review the first assignment of error because the other seven are merely Clinton's way of attempting to get this court to review our decisions in past cases we have already previously declined to reconsider.

I.    The trial court erred when it denied Relator's 60(B) motion for relief

from judgment by relying upon this Court of Appeals judgment issued on 10-8-14 in Cuyahoga C.P. No. CA-13-100590 that had adjudicating the various errors of law and fact raised in the 60(B) notion which highlighted this Court of Appeals erroneous conclusions of law and fact. Furthermore, the trial court erred in granting summary judgment to MetroHealth System in the first place, when evidence showed that MetroHealth wrongfully delayed production of, withheld, and destroyed public records. And finally this Court of Appeals further erred in permitting the trial court to grant summary judgment for the various record requests to MetroHealth System as too many questions of fact existed to determine the case by that method as we stated in our own motion for partial summary judgment filed in the 2014 appeal to this court.

## I. Relief from Judgment

### A. Summary Judgment

**{¶4}** "This court reviews the trial court's decision granting or denying a motion for relief from judgment for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994)." *Morana v. Foley*, 2015-Ohio-5254, 54 N.E.3d 749, ¶ 5 (8th Dist.). "An abuse of discretion is connoted by a decision that is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Law and Analysis

**{¶5}** In Clinton's first assignment of error she argues that the trial court erred when it relied on our decision in *Clinton II* to deny her Civ.R. 60(B) motion.

Generally, Civ.R. 60(B) requires that the satisfaction of three elements are necessary for the vacation of a final judgment. *GTE Automatic Elec. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Movants must show they have a meritorious claim or defense, they satisfy one of the grounds stated in Civ.R. 60(B)(1) through (5), and the motion was made within a reasonable time. *Id.*

*Foley* at ¶ 4.

**{¶6}** Civ.R. 60(B) states,

[O]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶7}** In *Clinton II*, this court decided that

[T]he trial court did not err in granting summary judgment in favor of MetroHealth on Clinton's mandamus action. Her requests were either not timely made, barred by res judicata, speculative, for confidential information, or unclear.

*State ex rel. Clinton v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 100590, 2014-Ohio-4469, ¶ 55. In response to this decision and our denial for reconsideration, Clinton filed a Civ.R. 60(B) motion for relief from judgment, and the trial court properly denied it. These issues have already been decided. Clinton does not demonstrate that she has a meritorious claim or defense. This court in *Clinton II*, has already made a decision on the same issues Clinton is now bringing before this court. Clinton does not provide newly discovered evidence. Clinton merely restates the same issues she did in

*Clinton II.*

**{¶8}** Under Ohio law,

[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction of occurrence that was the subject matter of the previous action. *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

*State ex rel. Dept. of Edn. v. Ministerial Day Care*, 8th Dist. Cuyahoga No. 103685,

2016-Ohio-8485, ¶ 14. Clinton's claims are barred by res judicata.

Relying on federal law, the Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 123, 2006-Ohio-954, 846 N.E.2d 478, citing *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

*Id*.

**{¶9}** Because Clinton does not assert any new claims, and the trial court's decision was a result of our decision in *Clinton II*, we affirm the trial court's decision to deny Clinton's motion for relief from judgment.

**{¶10}** Clinton's first assignment of error is overruled.

**{¶11}** Clinton's remaining assignments of error are barred by res judicata.

**{¶12}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR